# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TYWAUN COAKLEY,

    Plaintiff,                              Case No. 2:19-cv-12300

v.                                         HON. PAUL D. BORMAN

DET. STEVE POSEY,
DETROIT POLICE DEPARTMENT
and CITY OF DETROIT,

    Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL OF COMPLAINT (ECF NO. 1)

Plaintiff Tywaun Coakley's *pro se* civil rights complaint under 42 U.S.C. § 1983 is before the Court for initial screening following a grant of *in forma pauperis* status. (ECF No. 4.) Under 28 U.S.C. §§ 1915A and 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is required to dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having made such a finding, the Court will dismiss the complaint.

# I.     Background

Plaintiff names as defendants Detective Steve Posey, the Detroit Police

Department, and (in caption only) the City of Detroit, Michigan. (ECF No. 1.)

Plaintiff's brief factual allegations address only Det. Posey's conduct and consist

of the following:

> In September 2016, Detective Posey did give sworn testimony that he
> knew to be false at a probable cause hearing against the Plaintiff in
> order to obtain a first degree murder indictment against the Plaintiff.
>
> Detective Posey gave testimony that the Plaintiff did confess to the
> murder on paper and or video.
>
> This testimony was found to be false.

(Compl. at 6, ECF No. 1, PageID 6.) Plaintiff's requested relief is for $1,000,000

plus costs for mental duress and recovery of legal fees and "lost of wages." (*Id*. at

9.)

## II.     Screening Procedure and Pleading Standards

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to

dismiss *sua sponte* an *in forma pauperis* complaint before service if it determines

that the action is frivolous, malicious, fails to state a claim upon which relief can

be granted, or seeks monetary relief from a defendant immune from such relief. 42

U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). When evaluating a

complaint under that standard, courts "construe the complaint in the light most

favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 677 (citing *Twombly*, 550 U.S. at 555).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A plaintiff must also allege "more than just mere negligence," *Fisher v.*

*City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citations omitted), and must

establish the liability of each individual defendant by that person's own conduct.

*Iqbal*, 556 U.S. at 676.

Municipalities are ineligible for Eleventh Amendment sovereign immunity

*Jinks v. Richland Cty., S.C.*, 538 U.S. 456, 466 (2003). However, "[a] municipality

faces § 1983 liability only when its execution of a policy or custom is the 'moving

force' behind the constitutional violation." *Deruso v. City of Detroit*, 121 F. App'x

64, 65 (6th Cir. 2005) (citing *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th

Cir. 1998)). And a city agency, such as its police department, is not a proper party

in a section 1983 action; rather, the municipality itself is the "real party in

interest." *Haverstick Enter., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 992, n. 1

(6th Cir. 1994).

### III.   Discussion

Because Plaintiff has failed to plead the existence of a municipal policy or

custom to show *Monell* liability and has made no allegations of any wrongdoing

against either the City of Detroit nor the Detroit Police Department, he has failed to

state a claim against them upon which relief may be granted.  *See Deruso*, 121 F.

App'x at 65.  In addition, as noted above, the police department is not a real party

in interest. *Haverstick Enter.*, 32 F.3d at 992 n.1.  Both the City and police

department must be dismissed from the action.

Plaintiff's allegations against Defendant Detective Posey also fail. The complaint only describes Posey's false testimony at Plaintiff's probable cause hearing, conduct for which the defendant is immune. "Although government officials enjoy only qualified immunity as to their pretrial conduct, 'all witnesses — police officers as well as lay witness [*sic*] — are absolutely immune from civil liability based on their trial testimony in judicial proceedings.'" *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (citing *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983)). "A witness is entitled to testimonial immunity 'no matter how egregious or perjurious that testimony was alleged to have been.'" *Id.* (quoting *Spurlock v. Satterfield,* 167 F.3d 995, 1001 (6th Cir. 1999)).

*Moldowan*'s reference to "pre-trial conduct" acknowledges that law enforcement officials are entitled only to qualified immunity if they "falsify affidavits," *Rehberg v. Paulk*, 566 U.S. 356, 370 n.1 (2012) (citing *Kalina v. Fletcher*, 522 U.S. 118, 129-31 (1997); *Malley v. Briggs*, 475 U.S. 335, 340-45 (1986)), or "fabricate evidence[.]" *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-76 (1993)). The Court finds, however, that Defendant Posey gave his testimony at a judicial proceeding and that he is therefore entitled to absolute, not qualified, immunity.

In so finding, the Court relies first on Plaintiff's allegations, in which he expressly refers to Defendant's "testimony . . . at a probable cause hearing."

(Compl. at 6, ECF No. 1, PageID 6.) While Plaintiff states that this occurred in

September 2016, the only hearing at which this was possible was his preliminary

examination, held in August 2016.[1] (*See* Rule 5 materials in Plaintiff's habeas case

in this Court: *Coakley v. Christiansen*, Case No. 19-10241, Register of Actions at

2, ECF No. 8-1, PageID 32.)[2] One of the primary functions of the preliminary

examination is a determination of probable cause. *People v. Henderson*, 282 Mich.

App. 307, 312 (2009) (citing *People v. Glass (After Remand)*, 464 Mich. 266, 277

(2001)). In Michigan, "a preliminary examination is a judicial proceeding[,]"

*People v. Bellanca*, 20 Mich. App. 1, 7 (1969), at which a witness enjoys the

"absolute[] privilege" of a witness in any judicial proceeding. *Reno v. Chung*, 220

Mich. App. 102, 106 (1996) (citing *Meyer v. Hubbell*, 117 Mich. App. 699, 709

(1982)).

  A motion hearing held on October 7, 2016, explicitly addresses the August

preliminary examination. (*See* Case No. 19-10241, M. Hrg. Tr. 10/7/16, ECF No.

8-4.) The trial court heard a motion by the prosecutor, stating the lower court had

---

[1] No hearings took place during September 2016; the only event on the Register of
Actions that month was the Final Conference at which the trial court scheduled
dates for Plaintiff's trial. (*See* Case No. 19-10241, Register of Actions at 2, ECF
No. 8-1, PageID 32; *see also* Final. Conf. Tr. 9/30/16, ECF No. 8-3.)

[2] "Federal courts may take judicial notice of proceedings in other courts of
record." *Harbison v. Bell*, 408 F.3d 823, 842 (6th Cir. 2005) (citing
*Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980)).

erred in rejecting a charge of first-degree murder and seeking its reinstatement.[3]

(*Id*. at 2-3, PageID 106-07.) The court denied the prosecutor's motion but

mentioned during the hearing "defendant's statement to Officer or Detective

Posey" and its impact on the district court's decision in that earlier proceeding. (*Id*.

at 3, 19, PageID 107, 123.)

The Court finds that the preliminary examination was a judicial proceeding

at which Defendant Posey gave testimony, and that he is entitled to absolute

immunity for that testimony. Accordingly, Defendant Posey must be dismissed.


## IV.    Conclusion and Order

For the reasons stated above, Plaintiff's Complaint is **DISMISSED WITH**

**PREJUDICE** for failure to state a claim upon which relief may be granted.

It is further **ORDERED** that an appeal from this decision would be frivolous

and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United*

---

[3] A *Goecke* motion permits the trial court to amend the information based on its review of a lower court's refusal to bind over on original charges raised by the prosecution. *People v. McGee*, 258 Mich. App. 683, 689–90 (2003) (citing *People v. Goecke*, 457 Mich. 442, 458–459 (1998)).

*States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED**.

     **SO ORDERED**.

Dated:  September 13, 2019                  s/Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge